JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Janet Levin appeals from the divorce decree entered by the Hamilton County Court of Common Pleas, Domestic Relations Division. We sustain her sole assignment of error and reverse the trial court's judgment in part.
The Levins were married in 1972. In May 2003, David Levin filed a complaint for divorce. A hearing on the issues of spousal support and attorney fees was held before a magistrate in July 2003. The magistrate issued a decision that, among other things, set the amount for spousal support. David filed objections to the magistrate's decision, arguing, in part, that his burden under the spousal-support order was increased because he needed to pay for the college education of Alan, one of the couple's three children. Alan, at the time of hearing, was eighteen years old. The Levins had paid for part of the college education of the other two children.
After a hearing, the domestic relations court journalized an entry that included an order that Janet pay for half of Alan's college education. This order was incorporated into the decree of divorce entered by the court on May 17, 2004.
In her sole assignment of error, Janet Levin now asserts that the trial court erred in ordering her to pay half of Alan's college expenses. We agree. Absent an agreement between the parties to the contrary, a court is without authority to impose a duty to pay a child's college expenses beyond the age of majority.[1] The parties agree that Alan was emancipated at the time of the divorce. But David argues that the trial court's order merely enforced the parties' agreement to share the cost of Alan's education. David points to the separation agreement in which he and Janet agreed that a joint savings account for Alan's college expenses would be transferred to his brother Robert for Alan's benefit, that a car that was jointly owned by the couple would be used by Alan, and that Robert would be the custodian of a 529 college-savings fund established on behalf of Alan. We are not persuaded. While the separation agreement did mention some funds for Alan's college expenses, it clearly did not provide that Janet and David would share the costs of Alan's college education. Because there was no agreement, the court erred in ordering Janet to pay half of the costs. The sole assignment of error is well taken, and we therefore reverse that part of the trial court's judgment concerning the payment of Alan's college expenses.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] Nokes v. Nokes (1976), 47 Ohio St.2d 1, 351 N.E.2d 174.